Filing # 115059816 E-Filed 10/15/2020 04:36:27 PM

Case Number: CACE-20-017163 Division: 12

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

ANTHONNY CEDENO,

        Plaintiff,

v.

BRIGHT FLOORING DESIGNERS, CORP
and NELSON MARTINEZ ENCISO,

        Defendants.

Case No.:

## COMPLAINT

The Plaintiff, ANTHONNY CEDENO (the "Plaintiff") sues the Defendants, BRIGHT FLOORING DESIGNERS, CORP and NELSON MARTINEZ ENCISO (the "Defendants"), and alleges:

1. This is an action for wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes. This is also an action for unpaid overtime under the Fair Labor Standards Act (the "Act" or the "FLSA").

2. This is an action for damages that exceeds $30,000.00 exclusive of interest, attorneys' fees and costs.

3. The Defendant BRIGHT FLOORING DESIGNERS, CORP ("Bright") is a corporation duly authorized and existing under the laws of the State of Florida and conducting business in Broward County, Florida. Defendant NELSON MARTINEZ ENCISO ("Martinez") is, upon information and belief, a resident of Broward County, Florida.

4. The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward, Florida.



SAENZ & ANDERSON
ATTORNEYS AT LAW
www.saenzanderson.com

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/15/2020 04:36:23 PM.****

5. All conditions precedent to bringing this action have occurred, been performed or been excused.

6. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

7. At all times relevant, Plaintiff was employed by Bright as an assistant.

8. On or about October 3, 2020, the Plaintiff suffered a work-related injury, namely, Plaintiff was in a car accident while a passenger in one of Bright's vehicles, which did not have a functioning seatbelt. The accident and resulting injury happened while Plaintiff was working for Bright.

9. The injury alleged above required medical treatment.

10. After the work-related accident as described above, the Plaintiff reported his injuries to Bright and requested medical treatment.

11. On or about October 6, 2020, Bright fired Plaintiff.

12. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory.

13. At the time of Plaintiff's termination, Bright knew that Plaintiff was involved in a work-related accident, that Plaintiff needed medical attention, and that the Plaintiff had consulted with an attorney.

## COUNT I: RETALIATORY DISCHARGE UNDER FLA. STAT. SEC. 440.205

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

2



www.saenzanderson.com

15. Fla. Stat. § 440.205 states: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

16. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

17. A motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

18. Bright's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

19. By reason of Bright's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

20. Bright's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Bright for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands a trial by jury of all issues so triable.



3

www.saenzanderson.com

## COUNT II: UNPAID OVERTIME AGAINST BRIGHT

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

22. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement).

23. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

24. Bright, all times material hereto, was and is engaged in interstate commerce.

25. This action is brought by Plaintiff to recover from Bright unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Bright is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Bright operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Bright obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds

4



www.saenzanderson.com

outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Bright was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

27.  By reason of the foregoing, Bright is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Bright. Bright's business activities involve those to which the Fair Labor Standards Act applies. Bright is a flooring company and, through its business activity, affects interstate commerce. The Plaintiff's work for Bright likewise affects interstate commerce. Plaintiff was employed by Bright as a non-exempt employee for Bright's business.

28.  While employed by Bright, Plaintiff worked approximately an average of sixty (60) hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as an assistant performing the same or similar duties as that of those other similarly situated assistants who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

29.  Plaintiff was paid an average of $100 per day from on or about January 8, 2020 to October 6, 2020 but was never compensated for overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.



30. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows: $500 (weekly pay) /60 = $8.33 (hourly rate) x .5 (overtime rate) x 20 (overtime hours) x 40 (compensable weeks) = $3,333.33 x 2 (liquidated damages) = $6,666, plus a reasonable amount of mandatory attorney's fees and costs.

31. At all times material hereto, Bright failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Bright to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Bright who are and who were subject to the unlawful payroll practices and procedures of Bright and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

32. Bright knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Bright as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

33. Bright never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.



34. Bright willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Bright as set forth above.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against Bright on the basis of Bright's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

7



www.saenzanderson.com

## COUNT III: WAGE AND HOUR VIOLATION BY MARTINEZ

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 and 21-35 above as if set out in full herein.

37. At the times mentioned, Martinez was, and is now, the Director and/or owner of Martinez. Martinez was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual defendant acted directly in the interests of Bright in relation to the employees of Bright, including Plaintiff and others similarly situated. Martinez had operational control of Bright, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

38. Martinez had the ability to pay or not pay wages to Plaintiff.

39. Martinez willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against Martinez on the basis of Bright's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

8



C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

Dated: October 15, 2020.

Respectfully submitted,

By: /s/Tanesha Blye
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

9



www.saenzanderson.com

# RETURN OF SERVICE

**State of Florida**      **County of Broward**      **Circuit Court**

Case Number: CACE-20-017163-12

Plaintiff:
**ANTHONNY CEDENO**

vs.

Defendant:
**BRIGHT FLOORING DESIGNERS, CORP. and NELSON MARTINEZ ENCISO**

For:
Tanesha Blye
Saenz & Anderson
20900 Ne 30th Avenue
Ste. 800
Aventura, FL 33180

Received by Lindsay Legal Services, Inc on the 19th day of October, 2020 at 3:29 pm to be served on **BRIGHT FLOORING DESIGNERS, CORP. C/O NELSON MARTINES ENCINO, 105 GABLES BLVD, WESTON, FL 33326.**

I, FRANCISCO COLON, do hereby affirm that on the **20th day of October, 2020** at **6:00 pm**, I:

Effected Corporate Service by delivering a true copy of CIVIL ACTION SUMMONS, CIVIL COVER SHEET AND COMPLAINT with the date and hour of service endorsed thereon by me, at the within named Registered Agent's/Officer's usual place of abode, to a person residing therein who is 15 years of age or older to wit: **ANDREA ELIZALDE as SPOUSE OF THE R/A** at the address of **105 GABLES BLVD, WESTON, FL 33326** and informing said person of the contents thereof, pursuant to F.S.S. 48.081 (3)(b)

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

*[signature]*

**FRANCISCO COLON**
#593

Lindsay Legal Services, Inc
7105 SW 8th Street
Suite 307
Miami, FL 33144
(305) 273-0317

Our Job Serial Number: RLA-2020002555

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

# RETURN OF SERVICE

State of Florida      County of Broward      Circuit Court

Case Number: CACE-20-017163-12

Plaintiff:
**ANTHONNY CEDENO**

vs.

Defendant:
**BRIGHT FLOORING DESIGNERS, CORP. and NELSON MARTINEZ ENCISO**

For:
Tanesha Blye
Saenz & Anderson
20900 Ne 30th Avenue
Ste. 800
Aventura, FL 33180

Received by Lindsay Legal Services, Inc on the 19th day of October, 2020 at 3:29 pm to be served on **NELSON MARTINEZ ENCISO, 284 LAS BRISAS CIRCLE, SUNRISE, FL 33326**.

I, FRANCISCO COLON, do hereby affirm that on the **20th day of October, 2020** at **6:05 pm**, I:

**SUBSTITUTE** served by delivering a true copy of **CIVIL ACTION SUMMONS, CIVIL COVER SHEET AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **ANDREA ELIZALDE** as **SPOUSE** at the address of: **105 GABLES BLVD, WESTON, FL 33326** the within named person's usual place of **abode**, who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
10/20/2020 5:50 pm Attempted service at 284 Las Brisas Circle, Sunrise, Fl. 33326. This is Las Brisas Townhomes, Spoke with Luc, new owner. Defendant unknown to him.
10/20/2020 6:05 pm Served at 105 Gables Blvd. Weston, Fl. 33326.